United States District Court
Southern District of Texas
**ENTERED**
August 18, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DAVID K. HOLLAND and VALERIA HOLLAND, Plaintiffs, | § | CIVIL ACTION NUMBER 4:25-cv-03004 |
| versus | § | JUDGE CHARLES ESKRIDGE |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, *et al*, Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

This case arises out of a mortgage dispute. Plaintiffs David K. Holland and Valeria Holland proceed here *pro se*. Their case was removed from the 80th Judicial District of Harris County, Texas. Dkt 1.

Prior order granted Plaintiffs leave to amend their complaint. Dkt 42. As well, a prior motion by Defendant LoanCare, LLC, to dismiss was denied without prejudice to resubmission after the filing of the amended complaint. Id at 4.

Plaintiff David Holland filed an amended complaint, alleging that loan mishandling and the initiation of improper foreclosure forced him to sell his home. Dkt 44. The amended complaint only contained a gross negligence claim but incorporated all the facts and claims contained in the original complaint. Id at 3. Plaintiff Valeria Holland didn't join the amended complaint and thus abandoned her claims. Dkt 62 at 1 n 1.

Pending is a motion to dismiss by Defendant Loan Care, LLC, under Federal Rule of Civil Procedure 12(b)(6). Dkt 51. Plaintiff didn't respond to the motion.

The matter was referred for disposition to Magistrate Judge Yvonne Y. Ho. Dkt 11. She recommends that the motion to dismiss be granted as to (i) gross negligence, for lack of plausible duty, (ii) Section 50(a) of the Texas Constitution, because that provision is inapplicable to the facts presented and doesn't create an independent cause of action, (iii) the Truth-in-Lending Act, for lack of allegation that Defendant is a creditor, and (iv) the Federal Debt Collection Protection Act, for failure to observe the statute of limitations. Dkt 62 at 12–18. She further recommends the motion to dismiss be denied as to breach of contract, fraud, the Real Estate Settlement and Procedures Act, the Texas Debt Collection Act, the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, and 12 CFR §34.43. Id at 16–21.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Both parties filed objections. Dkts 67 & 68.

Plaintiff contends that the Memorandum and Recommendation erred by recommending dismissal of the gross negligence claim with prejudice. Dkt 67 at 2–4. He also appears to object to dismissal of the Texas Constitution, TILA, and FDCPA claims. Id at 4–6. But in doing so, he doesn't directly dispute the conclusion that those claims are legally unsupported. His primary concern instead appears to be that dismissal of those claims may also be construed as dismissing underlying factual

allegations that support his surviving claims. Id at 2–6. He thus requests clarification that dismissal of those claims doesn't preclude him from relying on the underlying factual allegations in support of his remaining claims. Id at 7.

Defendants assert that the Memorandum and Recommendation erred by finding that Plaintiff had incorporated his original complaint into the amended complaint. Dkt 68 at 3–11. They also argue that, even assuming that such incorporation was proper, the arguments raised in the original motion to dismiss should have been considered in analyzing Plaintiff's claims. Dkt 68 at 11–14.

Upon *de novo* review and determination, Plaintiff's objections lack merit. His failure to respond to the motion to dismiss waived ability to state objections as to points not stated previously. Regardless, dismissal of claims doesn't preclude Plaintiff from relying on facts relevant to those claims in proving remaining claims. His concerns in that regard are thus unfounded.

Defendants' objections are also unavailing. They first object to the amended complaint's incorporation of the original complaint. See Dkt 68. An amended complaint supersedes the original complaint, unless the amended complaint incorporates the original complaint with a "degree of specificity and clarity" sufficient to notify the responding party of the nature and extent of incorporation. *Carroll v Fort James Corp*, 470 F3d 1171, 1176 (5th Cir 2006). The Memorandum and Recommendation correctly concluded that the incorporation paragraph satisfied this standard. See Dkt 62 at 8–10. As such, Defendants were on notice as to which claims remained operative.

Nor is there any basis to conclude that the Magistrate Judge was required to consider the earlier motion to dismiss when ruling on a later motion to dismiss. The prior motion had already been denied, and it was Defendants' responsibility to reassert any arguments they wished to be considered in their renewed motion to dismiss. They failed to do so. And Defendants cannot use objections to raise

arguments they failed to include in their renewed motion to dismiss. Dkt 68 at 11–14.

The objections by both parties thus fail to demonstrate any legal error on the part of the Magistrate Judge. No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

* * *

The objections by Plaintiff and Defendant to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkts 67 & 68.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 62.

The motion by Defendant Loan Care, LLC, to dismiss is GRANTED IN PART. Dkt 51.

The motion is GRANTED as to gross negligence, the Truth-in-Lending Act, the Texas Constitution, and the Federal Debt Collection Protection Act.

Such claims are DISMISSED WITH PREJUDICE.

The motion is DENIED as to breach of contract, fraud, the Real Estate Settlement and Procedures Act, the Texas Debt Collection Act, the Financial Institutions Reform, Recovery and Enforcement Act of 1989, and 12 CFR §34.43.

Such claims remain pending but may be challenged in a later dispositive motion.

SO ORDERED.

Signed on August 17, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge